UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KANTA RAITHATHA and
ASHWIN RAITHATHA,

    Plaintiffs,

v.                                                            Case No. 8:21-cv-1271-KKM-CPT

BAHAMA BAY CONDOMINIUM
ASSOCIATION, INC. and FIVE STAR
FACILITY MAINTENANCE, LLC,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff Kanta Raithatha's renewed motion for relief from technical admissions (Doc. 106) and accompanying exhibits (Doc. 107), as well as Defendant Bahama Bay Condominium Association, Inc.'s (Bahama Bay) motion to strike Raithatha's renewed motion and for sanctions (Doc. 110). For the reasons discussed below, Raithatha's motion is granted, and Bahama Bay's motion is denied.

I.

This action stems from an incident in July 2019 in which Raithatha tripped and fell over a hose extending across a sidewalk on Bahama Bay's property. (Doc. 1-1 at 2). Roughly two years later, in April 2021, Raithatha and her husband, co-Plaintiff

Ashwin Raithatha (collectively, the Raithathas), initiated this lawsuit in state court against Bahama Bay and the company that tends to Bahama Bay's property, Five Star Facility Maintenance, LLC (Five Star), asserting claims for negligence and loss of consortium.[1] *Id.* at 2–3; *see also* (Docs. 38, 46). The next month, Bahama Bay removed the matter to this Court and filed its answer shortly thereafter. (Docs. 1, 4).

In July 2021, the Court entered a Case Management and Scheduling Order (CMSO), which established, *inter alia*, a discovery deadline in late January 2022 and a trial date in August 2022. (Doc. 13). The Court subsequently issued an amended CMSO extending these and other time frames. (Doc. 64).

In November 2021, Bahama Bay served Raithatha with forty-three requests for admission pursuant to Federal Rule of Civil Procedure 36. (Doc. 106 at 4; Doc. 107 at 28–34). Raithatha, however, neglected to respond to those discovery demands within the thirty days allotted for her to do so and did not realize her error until roughly two-and-a-half weeks after that deadline, in early January 2022. (Doc. 106 at 4–5). Upon learning of her oversight, Raithatha asked Bahama Bay for additional time to address Bahama Bay's requests but her inquiry went unanswered. *Id*. at 5; *see also* (Doc. 100 at 4, 8; Doc. 110 at 4–5).

Between February 2022 and July 2022, Raithatha filed a series of motions seeking a ruling from the Court that her dilatoriness in responding to Bahama Bay's

---

[1] The Court later dismissed Five Star as a named Defendant in the Raithathas' complaint based upon the Raithathas' failure to serve the company. (Doc. 37). Following the entry of that dismissal order, Bahama Bay filed a third party complaint against Five Star, asserting claims for contractual and common law indemnification. (Doc. 38).

2

requests for admission did not constitute an ascension to those requests. (Docs. 58, 67, 69, 94). The Court denied all of Raithatha's motions on procedural grounds. (Docs. 62, 78, 91, 95).

By way of her instant motion, Raithatha again asks for relief from her technical admissions. (Doc. 106). Bahama Bay did not file a formal response to this request and instead submitted its instant motion to strike and for sanctions more than three weeks later. (Doc. 110). Raithatha has since filed a response to Bahama Bay's submission (Doc. 113), and the parties' motions are therefore ripe for the Court's consideration.

II.

A.

The purpose of requests for admission is "to expedite [a] trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994); *Pickens v. Equitable Life Assurance Soc'y*, 413 F.2d 1390, 1393 (5th Cir.1969)) (internal quotation marks omitted). As a result, this discovery tool is most properly used when it endeavors to "establish uncontested facts and to narrow the issues for trial." *Id.* at 1268. If the propounding party, by contrast, tries to employ such requests "with the wild-eyed hope that the other side will fail to answer [them] and therefore admit essential elements" of the other side's claims, the "time-saving function [of these

demands] ceases" and they are transformed into "a weapon" that "drag[s] out [the] litigation and wast[es] valuable resources." *Id.*

The scope and procedure for requests for admission are set forth in Rule 36. Fed. R. Civ. P. 36. That rule provides, in relevant part:

> (1) Scope: A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> (A)  facts, the application of law to fact, or opinions about either; and
> (B)  the genuineness of any described documents.
>
> * * *
>
> (3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> * * *
>
> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established *unless the court, on motion, permits the admission to be withdrawn or amended*. Subject to Rule 16(e), *the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.* . . .

Fed. R. Civ. P. 36(a)(1)(A)–(B), (a)(3), (b) (emphasis added).

In accordance with the language highlighted above, a court called upon to decide a motion seeking the withdrawal of technical admissions—such as the one filed by Raithatha here—must apply a two-prong test. Fed. R. Civ. P. 36(b); *see also Perez v.*

4

*Miami-Dade Cnty.*, 297 F.3d 1255, 1265 (11th Cir. 2002). The first half of this test requires that a court evaluate whether the sought-after withdrawal "will subserve the presentation of the merits." *Perez*, 297 F.3d at 1264 (citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir.1988); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994)). This prong reflects the policy that lawsuits are best resolved on the merits and is met when upholding the challenged admissions would "'practically eliminate'" any need to try the action. *Id.* at 1266 (quoting *Smith*, 837 F.2d at 1577; *Hadley*, 45 F.3d at 1348).

Under the second prong, a court "must determine whether the [requested] withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* at 1264 (citing *Smith*, 837 F.2d at 1577; *Hadley*, 45 F.3d at 1348; *FDIC*, 18 F.3d at 640). Prejudice in this context "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id.* at 1266 (quoting *Smith*, 837 F.2d at 1578) (internal quotation marks omitted). Rather, "'it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.'" *Id.* (quoting *Smith*, 837 F.2d at 1578).

In the end, a court has discretion in applying Rule 36's two-pronged test. *Id.* at 1265 (observing that Rule 36 "vests the district court with discretion in ruling on motions to withdraw or amend admissions"). The Eleventh Circuit has cautioned,

5

however, that a court abuses its discretion when it relies on "some other criterion beyond the two-part test" or "grossly misapplies the two-part test" in making its ruling. *Id.* (citation omitted).

With these principles in mind, the Court turns to Raithatha's renewed motion for relief from her technical admissions. The Court observes at the outset that Bahama Bay did not file a formal response to Raithatha's motion within the fourteen-day period set forth in the Court's Local Rules. *See* M.D. Fla. R. 3.01(c) (stating that except for reasons not relevant here, a party has fourteen days to respond to a motion). Nor did Bahama Bay move for an extension of time in which to submit its response. As such, Raithatha's motion may be deemed unopposed. *Id.* ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").[2]

The Court further notes that although Raithatha addresses Rule 36's two-prong test in her submission, Bahama Bay does not mention this analysis at all in its motion to strike and for sanctions, much less apply it to the facts of this litigation. Bahama Bay's silence on the matter is all the more notable given the Eleventh Circuit's admonition in *Perez* that a court confronted with a Rule 36 request must assess the factors set out in the rule in the proper exercise of its discretion. *Perez*, 297 F.3d at 1265. Bahama Bay's wholesale failure to discuss the Rule 36 criteria in the context of this action constitutes a waiver on the issue. *See Hamilton v. Southland Christian Sch.,*

---

[2] Bahama Bay's request in its filing that it be "relieved from responding" to Raithatha's renewed motion (Doc. 110 at 9) fails. Bahama Bay's request was made well after the fourteen-day deadline for it to respond to Raithatha's motion and does not set forth any justification for its delay.

6

*Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (stating that a court need not consider "underdeveloped" arguments and that such arguments are waived); *Mendoza v. U.S. Atty. Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (finding an issue to be abandoned where no argument was made) (citations omitted).[3]

Irrespective of these deficiencies, an examination of the Rule 36 factors demonstrates that allowing Raithatha to withdraw her challenged admissions is warranted in this case. Before engaging in this analysis, however, some background regarding the elements of Raithatha's negligence claim is necessary.[4]

Under Florida law, a plaintiff asserting a cause of action for negligence must show: 1) the defendant had a duty "to conform to a certain standard of conduct;" 2) the defendant breached that duty; 3) there is a causal connection between the defendant's breach and the plaintiff's injury; and 4) the plaintiff suffered a loss or damages as a result of the defendant's breach. *Reyes v. BJ's Restaurants, Inc.*, 774 F.

---

[3] In its response to one of Raithatha's prior Rule 36 motions, Bahama Bay contended that the Eleventh Circuit's decision in *Perez* was "inapplicable" because Raithatha's technical admissions were rendered moot by the statements she and her husband made in their depositions. (Doc. 100 at 10). This contention is unavailing. To begin, it has not been raised by Bahama Bay here, and the Court therefore need not consider it. Further, it ignores—without any support—the Eleventh Circuit's directive in *Perez* that a court may not rely on "some other criterion beyond the two-part test" in deciding Rule 36 motions to withdraw technical admissions. *Perez*, 287 F.3d at 1265. And finally, for the reasons stated *infra*, it augurs against Bahama Bay's position, not in favor of it.

[4] Neither party has briefed the contours of Raithatha's negligence claim in their respective submissions. In the light of the absence of any such briefing, the Court will rely on the principles described herein solely for purposes of resolving Raithatha's renewed motion. If necessary, the Court will revisit the law governing Raithatha's negligence claim at a later juncture.

7

App'x 514, 518 (11th Cir. 2019) (per curiam) (citing *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003)); *Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 735 (11th Cir. 2014) (per curiam) (citing *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. Dist. Ct. App. 2011)).

With respect to the first of these elements, Florida common law has historically recognized three separate legal categories for persons entering onto a premises in determining what type of duty applies to the property owner. *Seaberg v. Steak N' Shake Operations, Inc.*, 154 F. Supp. 3d 1294, 1299 (M.D. Fla. 2015). These three categories are invitee, licensee, and trespasser. *Id*. As Bahama Bay has previously taken the position that the Plaintiffs were invitees on its grounds at the time of the incident, *see* (Docs. 101, 102), the Court will assume as much here.

A property owner has two duties relative to an invitee: 1) "the duty to warn of dangers of which the owner has or should have knowledge and which are unknown to the invitee and cannot be discovered by the invitee through the exercise of reasonable care;" and 2) "the duty to use reasonable care in maintaining the property in a reasonably safe condition." *Pratus v. Marzucco's Constr. & Coatings, Inc.*, 310 So. 3d 146, 149 (Fla. Dist. Ct. App. 2021) (internal quotation marks and citation omitted); *see also Seaberg*, 154 F. Supp. 3d at 1299–3000 (citing *Krol v. City of Orlando*, 778 So. 2d 490 (Fla. Dist. Ct. App. 2001)). These two duties are distinct. *Wolford v. Ostenbridge*, 861 So. 2d 455, 456 (Fla. Dist. Ct. App. 2003).

As to the first duty, a property owner ordinarily does not have an "obligation to protect [an] invitee against dangers which are known to [the invitee]," or which are so open and obvious that the invitee "may reasonably be expected to discover them." *Greene v. Twistee Treat USA, LLC*, 302 So. 3d 481, 483 (Fla. Dist. Ct. App. 2020) (internal quotation marks and citation omitted). In ascertaining whether a condition falls within the ambit of the "open and obvious" doctrine, a court must consider the condition itself, as well as the circumstances surrounding the accident. *Plott v. NCL Am., LLC*, 786 F. App'x 199, 203 (11th Cir. 2019) (per curiam) (citations omitted); *Conrad v. Boat House of Cape Coral, LLC*, 2021 WL 5980703, at *3 (Fla. Dist. Ct. App. Dec. 17, 2021) (citation omitted).

Against this backdrop, it is evident that the first prong of Rule 36's two-part test favors granting Raithatha's motion to withdraw. This is because permitting at least some of these admissions to stand will essentially negate certain elements of Raithatha's negligence claim. *See Hadley*, 45 F.3d at 1348 (upholding withdrawal under Rule 36 where the challenged admissions "essentially admitted the necessary elements" of the plaintiff's claims); *Reid v. McNeil*, 2015 WL 5755898, at *6 (M.D. Fla. Sept. 29, 2015) (authorizing admissions to be withdrawn where they "track[ed] the pertinent allegations in the [c]omplaint").

By way of example, request for admission no. 1 calls upon Raithatha to admit that "the injuries [she and her husband] claim [were] a result of the accident . . . pre-date[d] and pre-exist[ed] the date of the accident." (Doc. 107 at 28). This admission essentially seeks a concession by Raithatha on the issue of causation, insofar as it asks

9

her to stipulate that her injuries did not result from her fall. By way of another example, requests for admission nos. 31–42 call upon Raithatha to admit that she was aware of the trip hazard both before and after the accident. *Id.* at 32–33. These admissions effectively request an agreement by Raithatha that the hose at issue was "open and obvious," which would mean that Bahama Bay did not breach its duty to Raithatha as an invitee.

Based upon the above considerations, allowing Raithatha relief from her technical admissions would "certainly aide[ ] in the 'ascertainment of the truth and the development of the merits.'" *Perez*, 297 F.3d at 1266 (quoting *Smith*, 837 F.2d at 1577 and citing *Manatt v. Union Pac. R.R. Co.*, 122 F.3d 514, 517 (8th Cir.1997)). The first prong is thus easily satisfied.

As for the second prong, it does not seem from the information before the Court that Bahama Bay will be prejudiced by the sought-after withdrawal. Raithatha, for instance, is not seeking to avoid an admission in the midst of a trial. *Perez*, 297 F.3d at 1266–67 (stating that "a court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun") (citation omitted). Nor is it the case that Bahama Bay has somehow been blindsided by Raithatha's desire to gain relief from her admissions. Indeed, it is uncontested that within approximately a couple of weeks of the deadline for Raithatha's response to Bahama Bay's requests for admission, Raithatha contacted Bahama Bay to ask for an extension of time to address those requests but obtained no answer from Bahama Bay. (Doc. 100 at 4, 8; Doc. 106 at 5; Doc. 110 at 4–5). It is also clear from the record that Raithatha thereafter moved

10

multiple times (albeit in a procedurally infirm manner) to withdraw her admissions. (Docs. 58, 62, 67, 69, 78, 91, 95, 94). As a result, Bahama Bay has long known—and has "continu[ly been] made aware—that [it] would have to prove many of the elements of [its] case now deemed admitted" and thus has not suffered the type of prejudice recognized under Rule 36. *See Perez*, 297 F.3d at 1267–68.

This conclusion is buttressed by the fact that Bahama Bay has apparently already deposed both the Raithathas and the President of Five Star. (Doc. 100 at 3; Doc. 106 at 7). And because Bahama Bay does not meaningfully argue, much less demonstrate, that the challenged admissions relate to facts not covered at the depositions, Bahama Bay cannot credibly assert at this point that it would "sudden[ly] need to obtain evidence with respect to the questions previously answered by the admissions." *Perez*, 297 F.3d at 1266 (quoting *Smith*, 837 F.2d at 1578). In fact, Bahama Bay previously argued to the Court that it could prevail without Raithatha's admissions because it had already secured testimony from Raithatha and her husband which entitled it to summary judgment. *See* (Doc. 100 at 7) (Bahama Bay asserting that the Raithathas made "clear and definitive testimonial admissions . . . as to liability during their depositions necessary to support a favorable ruling on" Bahama Bay's pending summary judgment motion); *id.* at 10 (Bahama Bay contending that "even without the [Raithatha's technical a]dmissions, . . . there are more than enough admissions in [the Raithathas'] deposition[s] to effectively end litigation per Bahama Bay's" summary judgment motion); *see also Reid*, 2015 WL 5755898, at *6 (finding the

11

non-moving party would not be prejudiced where he otherwise sought and received discovery that nullified the need for the admissions).

In sum, requiring Raithatha to be bound by her technical admissions would undermine the purpose of Rule 36. *See Reid*, 2015 WL 5755898, at *6 (finding a party's attempt to enforce requests for admission was antithetical to their purpose where the party knew those requests were disputed and otherwise sought discovery) (citing *Perez*, 297 F.3d at 1264, 1267–68). Few, if any, of Bahama Bay's requests for admission would likely have been admitted by Raithatha had she timely responded to them, and Bahama Bay thus could not reasonably have expected that these discovery demands would properly narrow the factual and legal issues for trial. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) ("In a proper case[,] such as when an admission has been made inadvertently, Rule 36(b) might well *require* the district court to permit withdrawal.") (emphasis added). Accordingly, Raithatha's renewed motion for relief from her technical admissions (Doc. 106) is due to be granted.[5]

B.

Bahama Bay's motion to strike and for sanctions is likewise without merit. While not entirely clear, Bahama Bay seems to aver in support of its request for relief that Raithatha's motion contains materially misleading factual assertions pertaining to

---

[5] Bahama Bay suggests in its motion to strike and for sanctions that Raithatha must establish "good faith excusable neglect" for pursuing her motion at this juncture. (Doc. 110 at 4–5). This claim is devoid of any support and runs counter to the dictates set forth in *Perez*. *See Perez*, 287 F.3d at 1265; *see also Miller v. Montgomery Cnty. Bd. of Edu.*, 2022 WL 1590473, at *7 n.12 (M.D. Ala. Jan. 10, 2022) (finding that a good cause analysis in lieu of the two-prong test was inappropriate in assessing a Rule 36 motion).

her failure to meet the deadline for responding to Bahama Bay's requests for admission, and that Raithatha also made misrepresentations regarding "unanswered interrogatories and requests for production." (Doc. 110). After identifying a few purported differences between Raithatha's instant motion from her past Rule 36 motions and after quoting the language from Federal Rules of Civil Procedure 11 and 12, *id*. at 2–8, Bahama Bay then states in conclusory fashion:

> [I]t is clear that under Rule 11, [the] Plaintiffs have altered the[ ] facts [set forth in their motion] for an improper purpose, with a frivolous argument[ ] lacking any evidentiary support, and [that] any denials made by the Plaintiffs[ ] are not warranted on the evidence. . . . Therefore, [Bahama Bay] request[s] that [Raithatha's renewed motion] be stricken as form of sanction, or enforcement of the FRCP [sic] regarding deemed admissions generally, and [that the] Plaintiffs [be] sanctioned appropriately as the Court deems just and asserted below.

*Id.* at 8–9. Bahama Bay later proposes, among other sanctions, that the Raithatha's action be dismissed with prejudice. *Id.*

Bahama Bay's motion suffers from at least two infirmities, both of which are fatal. First, as discussed previously, Bahama Bay fails to reference, much less apply, Rule 36's two-part test in its submission. Nor does it offer any case law bolstering its requests for relief. *See Hamilton*, 680 F.3d at 1319; *U.S. Steel Corp.*, 495 F.3d at 1287 n.13; *Mendoza*, 327 F.3d at 1286 n.3.

Second, its claim that Raithatha's renewed motion is "frivolous," "lacking any evidentiary support," or otherwise improper is unpersuasive for the reasons set forth

13

above. (Doc. 110 at 8–9). As a result, Bahama Bay's motion to strike and for sanctions is due to be denied.

III.

Based upon the foregoing, it is hereby ORDERED:

1. Raithatha's renewed motion for relief from technical admissions (Doc. 106) is granted.

2. Bahama Bay's motion to strike Raithatha's renewed motion and for sanctions (Doc. 110) is denied.

SO ORDERED in Tampa, Florida, this 28th day of November 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record